UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00359-MR

| FERNANDO HERNANDEZ, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | ) ) ) |  |
| EDDIE M. BUFFALOE, Jr., Secretary of Department of Public Safety,[1] | ) ) ) |  |
| Respondent. | ) ) |  |

**THIS MATTER** is before the Court upon initial review of the Amended Petition for Writ of Habeas Corpus filed by the Petitioner on July 14, 2021 pursuant to 28 U.S.C. § 2254. [Doc. 6]. Also before the Court is the Petitioner's Motion to Proceed *in Forma Pauperis* filed on July 12, 2021 [Doc. 5] and Motion for Judicial Notice filed on July 30, 2021 [Doc. 9].

I.   **BACKGROUND**

Fernando Hernandez ("the Petitioner") is a prisoner of the State of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017)("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

North Carolina, presently confined at Franklin Correctional Center in Bunn, North Carolina. [Doc. 6 at 1]. The Petitioner was convicted on March 21, 2014 in Mecklenburg County Superior Court for Trafficking Schedule 1, to which he pleaded guilty and was sentenced to imprisonment for a term of 70-93 months. [Doc. 6 at 1-2].

The Petitioner states that he sought appellate review of his conviction but provides no information or dates concerning any appeal filed in state court. [Doc. 6 at 2]. The Petitioner also states that he sought post-conviction relief in state court, but includes no information concerning the date filed, grounds raised, or outcome of the proceeding. [Doc. 6 at 3].

The Petitioner previously filed a § 2254 Petition for Writ of Habeas on August 6, 2019, which was transferred to this Court from the Eastern District of North Carolina. See [Docs. 1, 3, 4, and 10 of Case No. 3:19-cv-00392 (W.D.N.C)]. This Court dismissed the action on September 7, 2021 on grounds that the Petitioner's claims were vague, conclusory and unsupported by sufficient factual allegations. See [Doc. 11 of Case No. 3:19-cv-00392 (W.D.N.C)].

The Petitioner filed the present § 2254 Petition for Writ of Habeas Corpus on June 25, 2021 in the Eastern District of North Carolina. [Doc. 1]. The Petitioner then filed an Amended Petition for Writ of Habeas Corpus on

July 14, 2021. [Doc. 6]. The matter was transferred from the Eastern District to this Court on July 22, 2021. [Docs. 7-8]. The Petitioner seeks to challenges his state court conviction on grounds of double jeopardy. [Doc. 6 at 5-8].

## II. STANDARD OF REVIEW

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law..." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

## III. DISCUSSION

### A. Initial Review of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in

multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless the prisoner has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

This Court's dismissal of the Petitioner's previously filed § 2254 petition was the result of the Petitioner's failure to state a claim, as his claims were vague, conclusory and unsupported by sufficient factual allegations. See [Doc. 11 of Case No. 3:19-cv-00392 (W.D.N.C)]. A dismissal of a § 2254 petition for failure to state a claim constitutes a dismissal on the merits for purposes of successive review. See Cooper v. Eckard, 2016 WL 773253, *4 (E.D.Pa. February 29, 2016)(noting that the dismissal of a previous § 2254 petition for failure to state a claim was a dismissal on the merits); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995)("[t]he rules of finality... treat a dismissal for failure to state a claim...as a judgment on the merits").

The instant § 2254 petition seeks to attack the same conviction and once again, the Petitioner's claims are vague and unsupported by sufficient factual allegations to state any valid claim of relief. Because the Petitioner's previous § 2254 was dismissed on the merits, the instant petition constitutes a successive petition. The Petitioner has not demonstrated that he obtained authorization from the appellate court to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A). As such, this Court is therefore without jurisdiction to review the instant § 2254 petition and the Petitioner shall be entitled to no relief.

### B. Motion to Proceed *in Forma Pauperis*

Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable $5.00 filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner filed a motion requesting to proceed *in forma pauperis* on July 12, 2021. [Doc. 5]. However, the Petitioner submitted the required $5.00 filing fee on July 28, 2021. See July 28, 2021 docket entry. As such, the Petitioner's request to proceed in forma pauperis is denied as moot.

### C. Motion for Judicial Notice

In support of his § 2254 petition, the Petitioner moves this Court to take judicial notice "of the elements of the box cart sentence"[2] issued in his criminal proceeding. [Doc. 9 at 1]. However, because the operative § 2254 petition is unauthorized and successive, this motion is without merit and denied as moot.

### IV. CONCLUSION

Based on the foregoing, the Petitioner is entitled to no relief as his § 2254 petition is an unauthorized and successive petition. The Petitioner's additional motions are denied as moot.

The Court also declines to issue a certificate of appealability, as the Petitioner has not made a substantial showing of a denial of a constitutional right. See Rule 11(a), Rules Governing Section 2254 Proceedings; 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that

---

[2] The term "boxcarring" is "commonly used in the North Carolina court system and case law to describe when multiple prison sentences run consecutive to one another." State v. Smith, 267 N.C.App.364, 365, n.2 (N.C. Ct. App. September 3, 2019).

6

Case 3:21-cv-00359-MR   Document 10   Filed 03/18/22   Page 6 of 7

the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus [Doc. 6] is **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive petition.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* filed on July 12, 2021 [Doc. 5] is **DENIED** as moot.

3. The Petitioner's Motion for Judicial Notice filed on July 30, 2021 [Doc. 9] is **DENIED** as moot.

4. The Clerk of Court is directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge

7

Case 3:21-cv-00359-MR   Document 10   Filed 03/18/22   Page 7 of 7